Justice Alito,
dissenting.
I join Parts I and III of Justice Thomas' dissenting opinion. I write separately to make two points.
First, the Court holds only that “for a juvenile offender who did not commit homicide the Eighth Amendment forbids the sentence of life without parole.” Ante, at 74 (emphasis added). Nothing in the Court's opinion afreets the imposition of a sentence to a term of years without the possibility of parole. Indeed, petitioner conceded at oral argument that a sentence of as much as 40 years without the possibility of parole “probably” would be constitutional. Tr. of Oral Arg. 6-7; see also ante, at 123, n. 13 (Thomas, J., dissenting).
Second, the question whether petitioner’s sentence violates the narrow, as-applied proportionality principle that applies to noncapital sentences is not properly before us in this case. Although petitioner asserted an as-applied proportionality challenge to his sentence before the Florida courts, see 982 So. 2d 43, 51-53 (Fla. App. 2008), he did not include *125 an as-applied claim in his petition for certiorari or in his merits briefs before this Court. Instead, petitioner argued for only a categorical rule banning the imposition of life without parole on any juvenile convicted of a nonhomicide offense. Because petitioner abandoned his as-applied claim, I would not reach that issue. See this Court’s Rule 14.1(a); Yee v. Escondido, 503 U. S. 519, 534-538 (1992).